IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>EAST 40, INC., D/B/A 40 STEAK & SEAFOOD,<br><br>    Defendant. | Civil Action No: _____<br><br>**C O M P L A I N T**<br><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based upon pregnancy, and to provide appropriate relief to Erica Davidson.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that East 40, Inc., doing business under the trade name 40 Steak & Seafood ("40 Steak" or "Defendant"), terminated Davidson because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant 40 Steak has been a corporation organized under the laws of North Dakota and doing business in Bismarck, North Dakota, and continuously had 15 or more employees.

6. At all relevant times, Defendant 40 Steak has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Erica Davidson filed a charge with the Commission alleging violations of Title VII.

7. On May 15, 2018, the EEOC found reasonable cause to believe that 40 Steak violated Title VII by terminating her because of her pregnancy. At that time, the EEOC invited 40 Steak to engage with the Commission in informal conciliation

efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission held conciliation discussions with 40 Steak to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. By letter dated July 6, 2018, the Commission informed 40 Steak that it was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS OF PREGNANCY DISCRIMINATION

11. Since at least July 2015, 40 Steak has engaged in unlawful employment practices in violation of Title VII, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

12. Davidson began working for 40 Steak as a server in February 2015.

13. Davidson never received any discipline or warnings for rudeness to customers, absenteeism, tardiness, or any other performance related issues.

14. Davidson learned she was pregnant on or about April 2015.

15. Davidson told her managers and coworkers about her pregnancy in June 2015.

16. On or about July 7, 2015, 40 Steak's manager, Julia Redig, told Davidson that servers were going to have to work harder at 40 Steak, and that 40 Steak had decided that it was not fair to make her work harder because she was pregnant and would not be at the restaurant forever.

17.     Manager Redig told Davidson that someone else would cover her shift and escorted her out.

18.     Manager Redig told other 40 Steak employees that Davidson was no longer working there because she was pregnant.

19.     40 Steak terminated Davidson's employment because she was pregnant.

20.     By its conduct, 40 Steak violated Title VII, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

21.     40 Steak deprived Davidson of equal employment opportunities and otherwise adversely affected her status as an employee, because of her sex and pregnancy.

22.     The unlawful employment practices complained of were intentional.

23.     The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Davidson.

### STATEMENT OF CLAIM OF RECORD KEEPING VIOLATIONS

24.  Since at least 2015, 40 Steak has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.  Among other things, 40 Steak did not maintain applications or interview notes of applicants, and discarded or destroyed alleged records relating to Davidson's job performance.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining 40 Steak, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating or otherwise discriminating against any applicant or employee because she is pregnant in violation of Title VII, as amended by the PDA;

    B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant workers and applicants, and which eradicate the effects of its past and present unlawful employment practices described herein;

    C.    Order Defendants to make Ms. Davidson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described herein;

    D.    Order Defendants to make Ms. Davidson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein;

    E.    Order Defendants to make Ms. Davidson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described herein, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F.  Order Defendants to pay Ms. Davidson punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

G.  Order rightful place reinstatement for Ms. Davidson;

H.  Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), including applications, interview notes, and documents relating to personnel decisions, including discharge;

I.  Grant such further relief as the Court deems necessary and proper in the public interest; and

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507

s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney

s/ Jean P. Kamp
———————————————
Jean P. Kamp
Associate Regional Attorney

s/ Laurie A. Vasichek
Laurie A. Vasichek (MN #171438)
Attorney for Plaintiff
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone  (612) 335-4061
Facsimile:  (612) 335-4044
laurie.vasichek@eeoc.gov