IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | **ORDER GRANTION MOTION TO INTERVENE** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| East 40, Inc., d/b/a 40 Steak & Seafood, | ) ) | Case No. 1:18-cv-260 |
| Defendant. | ) | |

The Equal Employment Opportunity Commission ("EEOC") initiated the above-entitled Title VII action as a result of Erica Davidson's discrimination charge and its subsequent finding that there was reasonable cause to believe that defendant had unlawfully discriminated against Davidson.

On May 28, 2019, Davidson filed a motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). The EEOC does not oppose her motion. Defendant advised during a scheduling conference held on June 10, 2019, that it too does not oppose her motion.

Rule 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute." This case is brought by EEOC pursuant to 42 U.S.C. § 2000e-5(f)(1). That section specifically provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." The Eighth Circuit has construed section 42 U.S.C. § 2000e—5(f)(1) to confer an unconditional right to intervene upon the charging party whose claims provides the basis for the EEOC action. EEOC v. Woodman of World Life Ins. Co., 479 F.3d 561, 569 (8th Cir. 2007) ("Title VII explicitly preserves the employee's unconditional right to vindicate her own interests by intervening in the EEOC's enforcement action.").

1

Accordingly, Davidson's motion (Doc. No. 11) is **GRANTED**. Davidson shall file her complaint with the court by June 14, 2019.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court