IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>and<br><br>Erica Davidson,<br><br>Plaintiff-Intervenor<br><br>vs.<br><br>East 40, Inc., d/b/a 40 Steak & Seafood,<br><br>Defendant. | Case No. 1:18-cv-00260 |

## ORDER GRANTING MOTIONS FOR COSTS

[¶1]    THIS MATTER comes before the Court on a Motion for Costs filed by the Defendant, East 40, Inc., d/b/a 40 Steak & Seafood ("East 40") on December 21, 2022. Doc. No. 89.  The Plaintiffs filed a Response on January 11, 2023. Doc. No. 93. The Defendant did not file a Reply. For the reasons set forth below the Motion is **GRANTED, in part, and DENIED, in part**.

### DISCUSSION

[¶2]    As the prevailing party, the Defendant has moved the Court for an order for costs. Doc. No. 89. The requested costs are as follows:

- $346.90 for transcript fees necessarily obtained for use in this case (Denise M. Andahl, Inc., Court Reporter). Doc. No. 89-2.

- $436.23 for investigative fees relating to locating witnesses Tracy Houle and Erin O'Leary whose whereabouts were unknown at the time of trial. Doc. No. 89-3.

- $370.00 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Doc. No. 89-4.

Doc. No. 89-1.

[¶3] The Plaintiffs jointly respond, arguing the private investigative costs and copying costs are not recoverable. As for the private investigative costs, the Plaintiffs argue the Eighth Circuit does not allow for taxation of such costs. Next, the Plaintiffs contend the Defendants failed to explain how these costs were reasonably necessary.

[¶4] 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Although a prevailing party is presumptively entitled to recover costs allowed by 28 U.S.C. § 1920, the submitted bill of costs should always be given careful scrutiny. Koppinger v. Cullin–Schiltz and Assocs., 513 F.2d 901, 911 (8th Cir. 1975).

[¶5] Rule 54(d)(1) provides in relevant part: "Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees– should be allowed to the prevailing party. . . ." However, a district court has considerable discretion in awarding costs. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir.2006); Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir.2000). "A prevailing party is presumptively entitled to recover all of its costs." In re Derailment Cases, 417 F.3d 840, 844 (8th

Cir. 2005); But see Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district court discretion not to award costs to the prevailing party. . . ."). The Eighth Circuit Court of Appeals has explained Rule 54(d) "represents a codification of the presumption that the prevailing party is entitled to costs." Greaser v. Missouri Dep't of Corrections, 145 F.3d 979, 985 (8th Cir. 1998). "However, such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).

[¶6] There is no dispute the $346.90 for transcript fees necessarily obtained for use in this case (Denise M. Andahl, Inc., Court Reporter), Doc. No. 89-2, are recoverable. This cost will be awarded. In this regard, the Motion for Costs is **GRANTED**.

[¶7] As for the private investigative fees for serving Tracy Houle and Erin O'Leary with subpoenas, the Court is precluded from taxing this cost. The Defendant contends it is taxable under 28 U.S.C. § 1920(3) as a witness fee. This is not an accurate description of the cost. The Defendant request payment for a private investigator hired as a process server for Houle and O'Leary's subpoenas. This is not a witness fee. An award of such a cost is prohibited by Eighth Circuit precedent. See Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (prohibiting recovery of "$250 for use of a special process server, because 28 U.S.C. § 1920 contains no provision for such expenses"); See also Anderson v. Sullivan, 2007 WL 2288142, *5 (D.N.D. Aug. 7, 2007) ("The costs for private service of process are not taxable under binding Eighth Circuit precedent."). In this regard, the Motion for Costs is **DENIED**.

[¶8] Finally, as to the copying costs, the Defendant avers they were necessarily obtained for use in the case under 28 U.S.C. § 1920(4). The Plaintiffs dispute this, arguing the Defendant has provided no description about what documents it copied and the purposes for copying them. The Court has reviewed the record and concludes the taxation of the copying costs is appropriate in

this case. Counsel for the Defendant has submitted a verified statement of costs that states the copies were "of any materials where the copies are necessarily obtained for use in this case." Doc. No. 89-1, pp. 1-2. In this regard, the Motion for Costs is **GRANTED**.

## CONCLUSION

[¶9]   For the reasons set forth above, the Defendant's Motion for Costs is **GRANTED, in part, and DENIED, in part**. The following will be awarded as taxable costs:

- $346.90 for transcript fees necessarily obtained for use in this case (Denise M. Andahl, Inc., Court Reporter). Doc. No. 89-2.

- $370.00 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Doc. No. 89-4.

[¶10]   **IT IS SO ORDERED**.

DATED May 15, 2023.

Daniel M. Traynor, District Judge
United States District Court