IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>and<br><br>Erica Davidson,<br><br>Plaintiff-Intervenor<br><br>vs.<br><br>East 40, Inc., d/b/a 40 Steak & Seafood,<br><br>Defendant. | Case No. 1:18-cv-00260 |

## ORDER DENYING MOTION FOR ATTORNEY'S FEES AND EXPERT FEES

[¶1]  THIS MATTER comes before the Court on a Motion for Attorney's Fees and Expert Witness Fees Against the United States filed by the Defendant on December 21, 2022. Doc. No. 90. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Response on January 11, 2023. Doc. No. 94. The Defendant filed a Reply on January 18, 2023. Doc. No. 95. For the reasons set forth below, the Defendant's Motion is **DENIED**.

### DISCUSSION

[¶2]  In this action brought under Title VII by the EEOC, the Defendant asks the Court to award both attorney's fees and an expert witness fee based on its prevailing at trial. The Defendant claims these fees are awardable under 42 U.S.C. § 2000e-5(k) and under 28 U.S.C. § 2412(d)(1)(B). In making this argument, the Defendants argue the EEOC's claim was not substantially justified. In addition, the Defendants contend the EEOC's position was unreasonable and groundless, that is,

- 1 -

it had no foundation in credible evidence. The EEOC contends (1) its claim was not unreasonable or groundless; (2) the fees are not awardable under 28 U.S.C. § 2412(d)(1)(B); and (3) the award of the expert fees is impermissible as a matter of law. The Court agrees with the EEOC.

### I. Attorney's Fees under 42 U.S.C. § 2000e-5(k)

[¶3] The Court has discretion award attorney's fees to the prevailing party "a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." 42 U.S.C. § 2000e-5(k). Despite this congressional grant of discretion to the Court to award attorney's fees to the prevailing party, the Supreme Court has significantly limited the circumstances in which the Court may exercise its statutory discretion. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). In Christiansburg Garment, the Supreme Court specifically held, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. The reason for this holding was to save plaintiffs from having to pay attorney's fees "simply because they do not finally prevail." Id. Awarding fees when a Plaintiff fails at trial "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." Id.[1]

[¶4] Here, the Defendant has pointed to nothing in the record to show anything other than defeating the EEOC's claim at trial. The EEOC's claim was not frivolous, unreasonable, or

---

[1] This is in contrast to the Supreme Court's rationale in generously permitting Title VII plaintiffs to recover attorney's fees as a prevailing party. See Marquart v. Lodge 837, Int'l Ass'n of Machinists, 26 F.3d 842, 849 (8th Cir. 1984) abrogated on other grounds by CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 421 (2016). When a plaintiff prevails at trial, the court should award attorney's fees "in 'all but very unusual circumstances.'" Id. (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975)).

groundless. Indeed, this case ultimately boiled down to the question of who does the jury believe: Intervenor-Plaintiff Erica Davidson ("Davidson") or Julia Redig, the individual who personally terminated Davidson's employment with EEOC and testified it was not because Davidson was pregnant. Had the jury believed Davidson, they could have concluded the EEOC proved their claim against East 40. In addition, the Court denied the Defendant's motion for directed verdict and sent the discrimination claim for the jury to decide. Doc. No. 98, p. 241: 3-6. Because there was sufficient evidence to support a claim for discrimination on the record, the claim was not frivolous, unreasonable, or groundless. Accordingly, the Defendant is not entitled to attorney's fees under 42 U.S.C. § 2000e-5(k).

## II.     Attorney's Fees under 28 U.S.C. § 2412(d)(1)(B)

[¶5]    The Defendant claims it is entitled to attorney's fees under 28 U.S.C. § 2412(d)(1)(B). The EEOC argues the Defendant is prohibited from recovering attorney's fees under Section 2412 by Eighth Circuit precedent. The Court agrees with the EEOC.

[¶6]    Under 28 U.S.C. § 2412(d)(1)(B), a prevailing party in a civil action brought by the United States may recover attorney or expert fees when the claim "was not substantially justified." Id. An award of attorney's fees in a Title VII action, such as here, is not permitted. Huey v. Sullivan, 971 F.2d 1362, 1366 (8th Cir. 1992) ("We conclude that § 2412(d) does not apply to Title VII actions."). Accordingly, the Court is prohibited from awarding attorney's fees under Section 2412(d) as requested by the Defendant.

## III.    Expert Fees

[¶7]    The Defendant also requests expert fees for accountant work done in this case. The United States claims the expert accountant was hired for purposes of settlement, not trial. In addition, the

United States further argues expert fees cannot be assessed as attorney's fees as requested by the Defendant, even though they may be assessed under 28 U.S.C. § 1920.[2]

[¶8]   Both 42 U.S.C. § 2000e-5(k) and 28 U.S.C. § 2412(d) expressly state an award of expert fees is permissible under each statute. The Court has concluded the Defendant failed to meet its burden under 42 U.S.C. § 2000e-5(k) and that 28 U.S.C. § 2412(d) is inapplicable to the present dispute. Accordingly, for the same reasons the Defendant is not entitled to attorney's fees, he is not entitled to his expert witness fee.

## CONCLUSION

[¶9]   For the reasons set forth above, the Defendant's Motion for Attorney's Fees and Expert Fees is **DENIED**.

[¶10]   **IT IS SO ORDERED.**

DATED May 15, 2023.

Daniel M. Traynor, District Judge
United States District Court

---

[2] The Defendant has not requested the accountant expert fees be awarded under 28 U.S.C. § 1920. The Court notes even if the Defendant brought the request for expert fee under Section 1920, it would not qualify for taxation because the Court can only bill for "court appointed experts" under that statute. This was a privately retained expert hired by the Defendant.